UNITED STATES BANKRUTCY COURT
Southern District of Florida

U.S. BANKRUPTCY COURT
SO. DISTRICT OF FLORIDA-Ft Laud
JUN 1 3 2016
FILED        RECEIVED

CASE NO. 16-15765-JKO

IN RE: PETITION OF:
ANA LAU,

Chapter 13

Debtor

JUDGE JOHN K. OLSON

SSN. xxx-xx-0336
_____/

## MOTION FOR REHEARING AND/OR RECONSIDERATION
## AND INCORPORATED MEMORANDUM OF LAW

**DEBTOR, ANA M. LAU,** in proper person, in the above styled bankruptcy action, and pursuant to Title 11, United States Code, Bankruptcy Rules of Procedure, the United States Bankruptcy Code and the Local Rules for the U.S. District Court, U.S. Bankruptcy Court, for the Southern District of Florida, the Fifth Amendment to United States Constitution, Due Process Clause, and applicable laws and decisions and serves her Motion for Rehearing and/or Reconsideration of this Court's Order Dismissing Case, based upon the following facts and law recited herein,

1. On May 10, 2016, this Court entered an Order Dismissing Case in the above styled bankruptcy action. The Order was entered *sua sponte* and was based upon the Debtor's deficiencies for her alleged failure to file bankruptcy forms/ Schedules in her case as listed thereon.

2. Debtor is represented by legal counsel licensed in this State, and duly

admitted to practice before the United States Bankruptcy Court for the Southern District of Florida.

3. This case was filed on April 21, 2016, by Debtor's counsel, Aramis Hernandez, Esquire after Debtor retained this lawyer to represent her interests and file a Chapter 13, Bankruptcy Petition for reorganization. Pursuant to the attorney's representation, a retainer agreement was executed between the parties, and the requested amount of the retainer was paid by Debtor to her attorney. The terms of the retention were stated therein, and agreed to, including, but not limited to a monthly fee for the legal services which would be required.

4. Debtor is inexperienced in her knowledge of bankruptcy proceedings and relied upon her legal counsel to inform her of the necessary requirements and documentation and financial information to provide.

5. Debtor was not informed by her legal counsel that she was deficient in any required filings of Schedules or documents in her case. Debtor was not aware that her case would be dismissed without further notice to her and was not aware that her legal counsel had not taken the proper measures to cure and/or correct the deficiencies which were allegedly contained in a Notice delivered by the Bankruptcy Court to all parties of record.

6. Debtor's above named legal counsel entered an Appearance as attorney of record in this action and was expected to fulfil the responsibilities of bankruptcy

counsel until discharged from representation by the Court.

7. Debtor contacted her lawyer and inquired about the necessary forms, Schedules and financial documentation to file in her case. Debtor is not in default of the retainer agreement and informed counsel she would remit payment to him in the amount per the terms of their agreement.

8. Debtor telephoned her lawyer again, including on June 9th, regarding the Order Dismissing Case which she received in the U.S. mail. Debtor asked if a Motion for Rehearing had been filed directed to the Order of Dismissal or was it to be prepared and filed on her behalf.

9. Debtor prepared the instant Motion for Rehearing and/or Reconsideration in proper person, as her legal counsel refused to confirm that the Miami Legal Center, Legal Solutions law firm of which he is an associate attorney was continuing to represent her and/or would file the proper documents and perform the necessary legal services to protect Debtor's interest.

10. Debtor is not at fault for any lack of *timeliness, if any*, in the service and filing of the instant Motion for Rehearing and if, "out of time", respectfully requests, reconsideration and permission to file and serve belatedly.

11. Debtor respectfully requests an additional reasonable period of time within which to retain substitute counsel, as it appears from the foregoing would be necessary. Debtor is aware that deficiencies as stated on the Notice must be cured

and through counsel will file the proper documents and Schedules in her case.

12. Debtor is entitled by the applicable laws, rules of procedure, United States Bankruptcy Code provisions and the due process clause of the Fifth Amendment to the United States Constitution to fairness, notice and due process of law.

13. Debtor is respectfully requesting that she be afforded the minimal standards of justice and fairness, as guaranteed by the authority cited herein and in paragraph number 12. above, and is entitled to a ruling on the instant Motion for Rehearing.

14. Based upon all of the foregoing, the Order of Dismissal is contrary to the facts, contrary to the law and contrary to the law and facts of this matter.

WHEREFORE, based upon the foregoing and law cited, it is respectfully requested that this Honorable Court enter its Order granting Debtor's Motion for Rehearing and/or Reconsideration and set aside or vacate its Order Dismissing Case, and for such other and further relief as the Court determines fair and just.

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Rehearing and/or Reconsideration was served upon all parties of record as follows: United States Trustee by electronic service, to: trustee@ch13weiner.com Trustee Robin R. Weiner, Esq. POBox 559007; Ft. Lauderdale, Fl. 33355 and attorney for Debtor, Aramis Hernandez, Esq., Suite 600, 139 N.E. 1st St.,

Miami, Florida 33132, by depositing in the U.S. postal mail, postage prepaid, *and email to:* this 9th day of June, 2016. on 6/10/2016 aramis@miamilegalcenter.com

Respectfully submitted,

Ana Lau /s/ Ana M Lau
_____
By: ANA M. LAU
   Debtor, in proper person
   2713 Island Dr.
   Miramar, Fl. 33020
   email: workexpress10@gmail.com